IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERARI A.M.L.,<br><br>             Petitioner,<br><br>       vs.<br><br>WARDEN OF THE GOLDEN STATE<br>ANNEX DETENTION FACILITY, *et al.*,<br><br>             Respondents. | Civil No. 1:26-cv-04362-MWJS<br>ORDER GRANTING PETITION FOR<br>WRIT OF HABEAS CORPUS IN PART<br><br>A# 209-461-986 |

## **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**

Petitioner Merari A.M.L.[1] entered the United States without inspection over twenty years ago and has resided in Lynn, Massachusetts, ever since.  Dkt. No. 1, at pg. 5.  In 2016, he filed an application for asylum, which remains pending, and has previously sought unsuccessfully to become a lawful permanent resident.  Dkt. No. 8-1, at pg. 3.  He has three children, ages six, nine and sixteen, for whom he is responsible for paying child support and with whom he spends time on weekends.  His youngest child suffers from hypoxic-ischemic encephalopathy and relies on Petitioner to take him to and from his medical appointments.  Dkt. No. 1, at pg. 6.

---

[1]      For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

In 2022, Petitioner was placed into removal proceedings but was not arrested or detained; the government made no finding as to whether he posed a flight risk or danger to the community.  He remained out of custody until October 10, 2025, when he was arrested by local police in Lynn on a charge of assault and battery with a dangerous weapon.  Immediately after being notified of Petitioner's arrest, immigration authorities placed a detainer on him, and he was arrested the same day by ICE after posting bond on the assault and battery charge.  Dkt. No. 8-1, at pg. 2.  And while he has been held in immigration detention for over eight months since his arrest, he has not been afforded a bond hearing to contest whether his detention is warranted.  Dkt. No. 1, at pg. 6.

Petitioner now invokes this court's habeas jurisdiction, contending that his arrest and detention by immigration authorities, without due process, violated his constitutional rights.  After reviewing the Petition for Writ of Habeas Corpus, Dkt. No. 1, the court ordered Respondents to address whether Petitioner was subject to a final order of removal, detained under 8 U.S.C. § 1226(c) or any other provision of the Immigration & Nationality Act (INA) other than § 1225(b)(2), or ever previously detained and released by immigration authorities.  Dkt. No. 7.  Respondents responded to all three questions in the negative:  that is, they confirmed that Petitioner was not subject to a final order of removal; was not detained pursuant to any INA provision other than § 1225(b)(2), under the government's interpretation of that provision; and was not ever previously detained and released by immigration authorities.  Dkt. No. 8.

2

In light of these representations, the court further ordered Respondents to show cause whether any factual or legal issues distinguished this case from cases such as *Carlos U.G. v. Warden of the Cal. City Detention Facility*, No. 1:26-cv-03209-MWJS, 2026 WL 1391272 (E.D. Cal. May 18, 2026); *Zenon A.C.F. v. Warden, Cal. City Detention Ctr.*, No. 1:26-cv-02961-MWJS, 2026 WL 1391272 (E.D. Cal. May 7, 2026); *Jayner E.V.S. v. Warden, Cal. City Detention Ctr.*, No. 1:26-cv-03554-MWJS, 2026 WL 1330817 (E.D. Cal. May 12, 2026).  Dkt. No. 9.  The court thanks Respondents for both of their timely and candid responses to the court's orders.

In their response, Respondents maintain their position that Petitioner's detention is lawful based on their interpretation of 8 U.S.C. § 1225(b), which they contend applies to Petitioner and requires his mandatory detention.  Dkt. No. 10.  But they concede that the "facts and legal issues in this case are not substantively distinguishable" from the cases identified in the court's order.  *Id.* at pg. 1.  In each of those cases, the court concluded that the petitioner was detained pursuant to 8 U.S.C. § 1226(a), not § 1225(b), and subsequently ordered Respondents to provide the petitioner with a bond hearing. And here, because Petitioner was never previously detained or released by immigration authorities—and therefore has never received a determination from the government regarding whether he poses a flight risk or danger to the community—the appropriate remedy requires Respondents to hold that bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations.  *Accord Henry A.V.L.*, No. 1:26-cv-03354,

2026 WL 1391273 (E.D. Cal. May 18, 2026); *Nopal-Ibarra v. Chestnut*, No. 1:26-cv-03403, 2026 WL 1362963 (E.D. Cal. May 14, 2026); *Anderson O.H.G. v. Johnson*, No. 1:26-cv-03248, 2026 WL 1330831 (E.D. Cal. May 12, 2026).

Respondents are therefore ENJOINED AND RESTRAINED from continuing to detain petitioner unless they demonstrate, within seven days of the date of this Order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations.  Respondents shall file a status report within ten days of the date of this Order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing.  The petition is GRANTED to this extent.  In all other respects, the petition is DENIED without prejudice to a future petition.

Given the partial grant of the petition, Petitioner's Motion to Appoint Counsel, Dkt. No. 2, is DENIED as moot.  The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  June 17, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03408-MWJS; *Merari A.M.L. v. Warden of the Golden State Annex Detention Facility*, et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART